**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lula Ben Bitah, | No. CV-24-08067-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Navajo and Hopi Indian Relocation, | |
| Defendant. | |

Plaintiff Lula Ben Bitah ("Plaintiff") filed a Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 36). Plaintiff, through counsel, seeks $39,598.06 in attorney fees. (*Id.* at 1). Defendant Office of Navajo and Hopi Indian Relocation ("Defendant" or "ONHIR") filed an Objection to Plaintiff's Motion, opposing the award of certain taxable costs. (Doc. 39). No reply was filed.

## I.    Background

Plaintiff is an enrolled member of the Navajo Nation. (AR at 1387). Plaintiff was born on May 20, 1958, in the Red Lake area and turned eighteen on May 20, 1976. (Doc. 17 at 5; Doc. 20 at 5). Plaintiff's family formerly lived in the Red Lake Chapter in an area that was partitioned for the use of the Hopi Tribe. (*Id.*) Plaintiff applied for Relocation Benefits on August 3, 2009. (AR at 1387). ONHIR denied Plaintiff's Application in 2012 because "[a]s of June, 1975 and April, 1976, [she] was not a Head of Household." (*Id.* at 1387–88). Plaintiff appealed OHNIR's denial of her benefits and a hearing was held before the Independent Hearing Officer ("IHO") in 2014, and the IHO determined Plaintiff was

not eligible for benefits. (*Id.* at 1388, 1394). However, this Court then reversed and remanded IHO's decision in 2022. (*Id.* at 1395).

A subsequent hearing was held in 2023, and, following the hearing, the IHO denied Plaintiff's benefits request. (*Id.* at 1426). Plaintiff sought review of the Court for a second time, and the Court again reversed and remanded the IHO's decision. (*See* Doc. 31). ONHIR appealed the Court's Order but later dismissed its appeal. (Doc. 35). Plaintiff now seeks attorney fees under the EAJA.

**II.  Legal Standard**

In relevant part, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This provision "creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).

Under the EAJA, the term "party" is defined as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed" or "any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

**III.  Discussion**

Plaintiff requests that the Court grant an award of attorney fees in the amount of $39,598.06. (Doc. 36 at 1). Plaintiff submits that the award is proper because (1) she was the prevailing party; (2) ONHIR's position was not "substantially justified;" (3) Plaintiff meets the income requirement; and (4) Plaintiff's requested fees are reasonable. (*See* Doc. 39). ONHIR does not dispute any of the foregoing contentions, and its argument

concerning the amount of taxable costs to be awarded will be discussed below.

First, the Court finds that Plaintiff was the prevailing party. The Court granted Plaintiff's requested relief by reversing and remanding the IHO's decision for further proceedings. (*See* Doc. 31); *see Whitehair v. Office of Navajo and Hopi Indian Relocation*, 2019 WL 2525472, *1 (D. Ariz. 2019) (awarding fees under the EAJA where the plaintiff's motion for summary judgment was granted in part).

Second, "[i]t is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). "Substantial justification means 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.' " *Meier*, 727 F.3d at 870 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Here, ONHIR has not argued and/or demonstrated that its position was substantially justified, and therefore the Court finds that it was not.

Third, the Court finds that evidence in the Administrative Record establishes that Plaintiff's net worth did not exceed $2,000,000.

Finally, because Plaintiff is the prevailing party, ONHIR was not substantially justified, and circumstances do not make an award of fees unjust, the EAJA requires that attorney's fees and costs be awarded. 28 U.S.C. § 2412. However, such an award must be reasonable. According to the Ninth Circuit, the statutory maximum hourly rate under the EAJA, adjusted for cost of living was $244.62 in 2023, $251.84 in 2024, and $258.46 for 2025 and currently 2026 as no rate for this year has yet been posted.[1] Plaintiff seeks attorney fees at the statutory cap of each year for 52.10 hours performed in 2023, 92.90 hours performed in 2024, 4.30 hours performed in 2025, and 5.20 hours performed in 2026. (Doc. 36 at 15). These amounts come to a total of $38,596.01. (*Id.*) ONHIR has not argued this fee is unreasonable. Thus, the Court finds the hourly rates, hours worked, and total expenses to be reasonable in light of the needs of this case and within the statutory

---

[1] *See* United States Court of Appeals for the Ninth Circuit, "Statutory Maximum Rates Under the Equal Access to Justice Act" (last accessed Apr. 10, 2026), https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

maximum.

However, ONHIR does take issue with the $1,002.05 that Plaintiff requests in costs. ONHIR argues that certain costs are inappropriate because Plaintiff's request was not made within 14 days of the judgment in the District Court. (Doc. 39 at 1 (citing Fed. R. of Civ. P. 54)). Specifically, ONHIR states that the $405.00 filing fee, $257.47 of printing costs, $45.90 of FedEx costs, $30.48 of service costs, and $256.00 of transcript costs (totaling $989.85) are improper. (*Id.* at 2). ONHIR does not dispute the $12.20 of costs for the U.S. Postmaster. Plaintiff did not respond to ONHIR's argument. The Court agrees that the disputed costs are untimely and therefore will not award them, making the total costs awarded $12.20 for a total award of $38,608.21.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney Fees pursuant to the EAJA (Doc. 36) is **GRANTED IN PART** and **DENIED IN PART**. Attorney fees and costs in the amount of $38,608.21 are awarded to Plaintiff.

Dated this 10th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -